**MEMO ENDORSED**

LAW OFFICE OF
LOCKSLEY O. WADE, LLC

| | |
|---|---|
| Telephone: (212) 933-9180 | Locksley O. Wade, Esq. |
| Facsimile: (212) 933-9181 | 11 Broadway |
| E-mail: wade@wadefirm.com | Suite 615 |
| http://wadefirm.com | New York, NY 10004 |

*Via ECF/CM*

April 29, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2020

Honorable Valerie E. Caproni
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 240
New York, NY 10007

> Re:   Fahrueldin Ebed v. Mount Sinai Hospital,
>        Rightsourcing, Inc. and AMN Allied Services, LLC
>        d/b/a Med Travelers,
>        Case No. 19-CV-11068 (VEC)

Dear Judge Caproni:

The plaintiff, Fahrueldin "Dean" Ebed, in-light of the recent world-wide pandemic brought on by the novel coronavirus named COVID-19 and to a lesser extent, because he resides in Beaverton, Oregon, which is more than 2,400 miles from the courthouse where this action is pending, he respectfully moves the Court for an order allowing him to appear for mediation through remote-video or telephonically. *See generally,* The Southern District of New York Response to COVID-19 (Coronavirus) *(https://www.nysd.uscourts.gov/ covid-19-coronavirus*) ( (last accessed April 29, 2029); *see,* Procedures of the Mediation Program (12/9/2013) at ¶6 (f) (*https://www.nysd.uscourts.gov/sites/default/files/pdf/ Mediation-Program-Procedures.12.9.13.pdf* ) (last accessed April 29, 2020) (". . . if a party resides more than 100 miles from the Courthouse, and it would be a great hardship for the party to attend in person, he or she may request that the mediator allow for telephonic participation at the mediation . . .").

### *The Defendants' Insistence of an In-Person Mediation During the COVID-19 Pandemic*

The above argument with respect to COVID-19 was raised with opposing counsels, however, all except one oppose this request. The objecting counsels proposed adjourning the mediation for some time in June 2020 for an in-person mediation. The mediator agrees with the objecting counsels' position and to wait and see if there is relief from COVID-19. The mediator further declined to address the plaintiff's request for appearance through

April 29, 2020
Ebed v. Mount Sinai Hospital et al,
Case No. 19-CV-11068 (VEC)

telephonic means because well over 100 miles from the courthouse unless there is an agreement from all parties.

It is plaintiff's position that this is an illusory endeavor that is likely to lead to further adjournments with no clear definitive date for mediation in-light of public information from the National Institute of Health regarding the current time-line for the completion of the COVID-19 clinical trials. *See* Adaptive COVID-19 Treatment Trial, (*https://clinicaltrials.gov/ct2/show/study/NCT04280705*) (last accessed April 29, 2020). There, a plain reading discloses that a possible cure is not expected until April 1, 2023. Of course, "[t]here will be interim monitoring to introduce new arms and allow early stopping for futility, efficacy, or safety." *Id.*   This means that April 1, 2023, should not be viewed as a cure date; rather, a cure may be found sooner but cure so that social distancing is no longer necessary is extremely unlikely to occur this year. This information was share with opposing counsels; however, it was not well received. Opposing counsel, in relevant part, stated, the plaintiff's "refusal to participate in in-person activities would presumably, apply not just to mediation but to all in-person activities, such as depositions, court conferences, trial, etc."

### *The COVID-19 Pandemic is Good-Cause for Using Remote Means to Advance this Case*

In responding to the COVID-19 pandemic Courts throughout the nation have directed counsels to creative and to find alternative means of advancing cases while protecting themselves, their clients, opposing parties and court personnel from the ravages of this viral infection. As of the writing of the letter, COVID-19 has infected 1,005,147 persons with symptoms resembling influenza and it has caused the death of 57,505 persons in our country. *See* Center for Disease Control, Coronavirus Disease 2019 (COVID-19), Cases, Data, & Surveillance (*https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html*) (last accessed April 29, 2019).

A survey of recent decisions in and out of this District serve as examples of how other Courts are addressing the unique problems of *social distancing* in order to reduce the infection rate of COVID-19.   In *Sinceno v. Riverside Church in City of New York*, No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020), Judge Liman "ORDERED, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), that all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means." Similarly, in *Air Charter Serv. (Fla.) Inc. v. Mach 1 Glob. Servs. Inc.*, No. 19-CV-3390 (PGG)(OTW), 2020 WL 1326429, at *1 (S.D.N.Y. Mar. 19, 2020), Judge Gardephe stated that "[i]n order to protect public health while promoting the "just, speedy, and inexpensive determination of every action and

2

April 29, 2020
Ebed v. Mount Sinai Hospital et al,
Case No. 19-CV-11068 (VEC)

proceeding," it is hereby ORDERED, that counsel shall conduct work remotely. This includes, but is not limited to, client meetings, work meetings, and hand deliveries of courtesy copies to the Court (courtesy copies can be sent via email or mail." In *Hernandez et al v. Quality Blacktop Services, Inc. et al*, Case No. Case No. 18-CV-04862 - RJD-RML (E.D.N.Y., April 6, 2020), in a Text Order, Judge Levey ordered that "[t]he settlement conference scheduled for 4/23/20 will be held *either by video or AT&T conference call*").

Therefore, based on the above arguments, the plaintiff respectfully moves the Court to grant this request for remote mediation.

Respectfully summitted,

/s/ *Locksley O. Wade*

Locksley O. Wade, Esq.
*Attorney for Plaintiff*

c.c.    *Via ECF/CM*

Rory J. McEvoy, Esq.
Brittney A. Bucellato, Esq.
*Attorneys for Defendant Mount Sinai St. Luke's Hospital*

Jonathan M. Kozak, Esq.
Brian A. Bodansky, Esq.
*Attorneys for Defendant RightSourcing, Inc.*

Jesse Grasty, Esq.
*Attorney for Defendant, AMN Allied Services, LLC*

No later than **May 8, 2020**, the parties objecting to a remote mediation session must submit a letter explaining the basis for their objection, given the likelihood that existing restrictions on travel are likely to persist for months and inasmuch as this case was filed in December, 2019.

SO ORDERED.

4/30/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE