```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
 FAHRUELDIN EBED,                                    :

                                     Plaintiff,             :

                    -against-                  :          19-cv-11068 (VEC)

MOUNT SINAI ST. LUKE'S HOSPITAL,    :            ORDER
RIGHTSOURCING, INC., AMN ALLIED     :
SERVICES, LLC D/B/A/ MED TRAVELERS,  :

                                 Defendants.  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 23, 2020, Defendant AMN filed a letter motion to compel Plaintiff to provide "Employment Records Releases for all documents concerning any employment Plaintiff has held since his separation from AMN as requested in Document Request No. 22" (Dkt. 39);

       WHEREAS on October 29, 2020, Plaintiff opposed Defendant's motion to compel (Dkt. 40);

       IT IS HEREBY ORDERED THAT:  Defendant's motion to compel is GRANTED. Federal Rule of Civil Procedure 26 permits discovery of any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Here, the requested employment records are relevant to: (i) Plaintiff's claim for damages and his duty to mitigate; and (ii) whether Plaintiff was capable of performing the essential functions of his job as a physical therapist with or without a reasonable accommodation. *See Abdelsaved v. New York University*, No. 17-CV-9606, 2019 WL 2336533, at *4 (S.D.N.Y. June 3, 2019) ("This Court finds that information from [a subsequent employer]

concerning Plaintiff's request for accommodation and [the subsequent employer's] evaluation of that request in deciding to offer or withdraw its employment offer could be relevant to and possibly support [Defendant's] argument that Plaintiff's requested accommodations were not reasonable given the nature of the job."); *O'Garra v. Northwell Health,* No. 16-CV-2191, 2018 WL 502656, at *3 (E.D.N.Y. Jan. 22, 2018) ("Plaintiff's claim for damages has put the issue of his subsequent employment earnings squarely at issue, and his concerns over the effect that an authorization might have on his current employment relationship do not override Defendant's entitlement to production of relevant information."); *Boyer v. Riverhead Cent. Sch. Dist.,* No. 05-CV-4955, 2006 WL 8441510, at *2 (E.D.N.Y. Oct. 5, 2006) ("This Court has ordered the production of employment record authorizations in the past when relevant"); *Pebenito v. Werner Enterprises*, 217 F. Supp. 2d 350, 352 (E.D.N.Y. 2002).  Accordingly, the documents are discoverable.  Plaintiff's argument that *Abdelsaved* is somehow inapplicable because "this is a disparate treatment case" rather than a failure to accommodate case, Pl. Opp, Dkt. 50 at 2, is misleading and unpersuasive.  Plaintiff's complaint asserts three counts for failure to accommodate.  *See* Dkt. 1.

Plaintiff is ordered to produce the documents sought in Document Request No. 22 by **November 13, 2020.**

**SO ORDERED.**

Date:  November 6, 2020                         _____
       New York, New York                            **VALERIE CAPRONI**
                                                     **United States District Judge**